IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIE L. REED,  :
　　　　　　　　　　　　　　　　:
　　Plaintiff  :
　　　　　　　　　　　　　　　　:　CIVIL NO. 1:CV-14-0985
　　vs.  :
　　　　　　　　　　　　　　　　:　(Judge Caldwell)
WARDEN RICHARD C. SMITH, *et al.*,  :
　　　　　　　　　　　　　　　　:
　　Defendants  :
　　　　　　　　　　　　　　　　:

*M E M O R A N D U M*

I.　*Introduction*

　　　　Plaintiff, Jamie L. Reed, an inmate formerly incarcerated at the Centre County Correctional Facility (CCCF), brings this civil-rights action pursuant to 42 U.S.C. § 1983.[1] The gravamen of Reed's Complaint is that "medical and dietary staff" were constantly negligent by serving him food containing soy. When he ate the food, he suffered an allergic reaction each time, requiring various levels of medical care. He now sues the following administrative CCCF correctional staff: Warden Richard Smith; Director Jeffery Hite; Deputy Warden Joe Kaleno; Deputy Warden Melanie Gordon and Kitchen Manager Kevin Brindle. He also sues PrimeCare Medical, Inc. (PrimeCare), the contract medical care provider at CCCF and Heidi Starr, the "head nurse" at the facility. (Doc. 1, Compl.) Reed

---

[1] The court notes that Reed is no longer housed at CCCF. *See* https://www.vinelink.com/. Reed has not provided the court with an updated address.

seeks monetary damages "for the numerous times the jail was negligent to my diet and [he] suffered due to their constant mistakes." (*Id.*, ECF 4).

Presently before the court are two motions to dismiss, one filed by the CCCF correctional staff and the other by PrimeCare. (Docs. 14 and 17). Defendants argue Reed's claim of negligence fails to state a clam for which relief can be granted; fails to allege the personal involvement of the named defendants; and fails to allege a *Monell* cause of action against PrimeCare.[2] Reed has failed to file a response to either group of defendants' motions to dismiss.

For the reasons discussed below, we will grant the CCCF correctional defendants and the PrimeCare medical defendants' motion to dismiss but grant Reed the opportunity to file an amended complaint.

II.    *Standard of Review*

Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Under Fed. R. Civ. P. 12(b)(6), the district court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff is entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

---

[2] A private party, such as PrimeCare, can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978).

While a complaint need only contain "a short and plain statement of the claim, " Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965.

With this standard in mind, the following is the background to this litigation, as Plaintiff alleges it.

III.    *Background*

On March 8, 2014, Reed, unaware that his dietary tray contained soy, to which he is allergic, consumed the meal. Reed was given Benadryl for the allergic reaction. When he inquired with the kitchen about the issue, he received an apology and was assured it would not happen again. (Doc. 1, Compl.) A month later, on April 9, 2014, his dietary tray contained soy. This time the reaction was very severe and because "the nurse had no idea what to do," he suffered an "epileptic shock for at least 30 minutes." (*Id.*,

ECF p. 3). He finally was given a dose from an EpiPen.[3] Since Reed vomited his meal during this event, kitchen sent up a "bag lunch" for him. However, after eating a few bites he realized it too was "full of soy." (*Id.*) He received "another Benadryl" because of this event. He was then given a second "lunch bag and it was correct." (*Id.*) Reed was in discomfort for several days after this event and suffered anxiety due to his fear from eating food that may contain soy.

On April 16, 2014, he was given a food tray by an officer who then called the kitchen to sent up another tray because the tray he received was not the one kitchen staff sent up for him. It was alleged that "the trustee" switched the food tray. Reed grieved this issue.

On April 19, 2014, a correctional officer gave him "the wrong tray" and he ingested soy. Reed was administered a dose of Benedryl for the reaction. (*Id.*) Reed sent out requests slips and grievances regarding this matter.

Reed states that he met with Deputy Warden Kaleno several times to discuss "the constant negligence on both the medical and dietary staff." (*Id.*) Deputy Kaleno "stated that he is not the one with the checkbook to make payment for these kind of issues." (*Id.*)

---

[3] An EpiPen is used for the emergency treatment of life-threatening allergic reactions (anaphylaxis) caused by allergens. They are auto-injectors that contain a single dose of epinephrine. *See* www.epipen.com.

Reed alleges that between May and July 2013 there were other incidents that occurred. Likewise, he alleges that between June and December 2012, similar incidents occurred, some requiring the administration of EpiPens.

IV.   *Discussion*

   A.   *Lack of Personal Involvement of the Named Defendants*

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United State. *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Miller V. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010).

To establish personal liability against a defendant in a section 1983 action, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). Personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988); *A.M. ex rel. J.M.K. v.*

*Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

Likewise, participation in the after-the-fact review of a grievance or other administrative remedy is not enough to establish personal involvement. *See, e.g. Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013)(nonprecedential)(finding "an officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement" requirement); *Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (nonprecedential) ("The District Court properly dismissed these [supervisory] defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006)(nonprecedenital)(allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); *Burnside v. Moser,* 138 F. App'x 414, 416 (3d Cir. 2005)(nonprecedential)(failure of prison official to process administrative

grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved).

Based on our review of the Complaint, Reed fails to allege the personal involvement of any of the individual CCCF defendants or Nurse Starr. Aside from naming Warden Smith, Director Hite, Deputy Warden Gordon, Kevin Brindle and Nurse Starr as defendants, they are not mentioned anywhere in Reed's "Statement of Claim." The only defendant mentioned in the Statement is Deputy Warden Kaleno who is alleged to have responded to institutional grievances of "negligence on both the medical and dietary staff." As noted above, Deputy Kaleno's post-incident involvement in these events do not assert his personal involvement in the "medical or dietary" staff's negligence in serving him food trays containing soy or failing to provide him appropriate care for his allergic reactions.

B.   *Failure to State a Viable § 1983 Claim*

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such

-7-

treatment was inadequate, it was no more than mere negligence.  *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  If inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  *See id.*  In sum, negligence,[4] unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference.  *Id.*

        A private corporation, such as PrimeCare, may be sued under § 1983 for actions taken under color of state law that deprive a prisoner of adequate medical care. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  However, PrimeCare cannot be held responsible for the acts of its employees under a theory of *respondeat superior. See Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 2035-38, 56 L.Ed.2d 611 (1978); *see also Afdahl v. Cancellierie,* 463 F. App'x 104, 109 (3d Cir. 2012)(nonprecedential).  Instead, to establish liability against PrimeCare, Reed must demonstrate that he suffered a violation of his federal rights because of a PrimeCare policy, practice, or custom.  *See Natale*, 318 F.3d at 583-84; *see also C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005).

        Reed repeatedly claims that he is suing the named defendants because of "the constant negligence on both the medical and dietary staff" at the CCCF for serving him meals containing soy or soy products.  (*Id.*, ECF p. 3).  As noted above, the defendants'

---

[4] If plaintiff sought to raise a claim of medical malpractice against a physician, Pennsylvania law, Pa. R. C. P. 1042.3(a)(1), requires the filing of a certificate of merit (COM) in all professional negligence claims filed in federal court.  *See Booker v. U.S.*, 366 F. App'x 425 (3d Cir. 2010)(nonprecedential) .

alleged negligence in permitting Reed to be served meals containing soy, when they knew or should have known he was allergic to soy, fails to state a constitutional deprivation.

Additionally, PrimeCare is correct that the Complaint, in its present form, fails to make any assertion regarding PrimeCare's policies or procedures concerning the provision of medical care at CCCF.  As such, Plaintiff fails to set forth a valid § 1983 claim against PrimeCare, which cannot be held vicariously liable for the alleged acts of deliberate indifference by its employees.

    C.    *Leave to Amend*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).  In this instance, the court believes that it is possible that the deficiencies noted above may be remedied by amendment.

Reed will be granted twenty-one days to file an amended complaint.  If Reed decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  In particular, Reed is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D.

Pa. LR 15.1.  Consequently, all causes of action alleged in the original complaint, including those against PrimeCare, which are not alleged in the amended complaint are waived.

Reed is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  He also shall specify the relief he seeks with regard to each claim.  Reed's failure to file an appropriate amended complaint within the required time will result in this action being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 10, 2015